HOBART CLARK & another *vs.* MARY FOSTER & another.

A testator bequeathed to his mother the income of $8000, and ordered that sum to be placed in the hands of trustees, and that they should invest it in bank stock, or lend it on mortgage, and pay the income or interest, which they might receive, to his mother, half yearly : He also gave to his mother the right to dispose of said $8000 by will, and directed that, if she should die intestate, the same should be divided among her heirs : After bequeathing several pecuniary legacies, the testator gave to his wife, during her life, the income of all the residue of his estate, real and personal, and directed said residue to be placed in the hands of the same trustees, whom he empowered to invest it in bank stock, or lend it on mortgage, and directed them to pay the income or interest, which they might receive, to his wife, half yearly, and also empowered the trustees to sell any part of his real estate, with the consent of his wife, " the amount so sold, to be invested and remain the same as the personal estate left in trust for her benefit ; " and also directed that, on the death of his wife, $1500 of the property so bequeathed in trust for her should be given for the support of a school, and that the remainder thereof should go to his mother, and, in case of her death, to her heirs : The testator appointed his executors to be trustees of the property given, as aforesaid, for the benefit of his mother and wife. *Held*, that the testator's mother was not entitled to the interest of $8000, half yearly, out of the general funds of his estate ; but that the trustees were bound to invest $8000 for her benefit, and to pay her, half yearly, such income or interest as they should receive, deducting the costs and charges of the trust, and subjecting her to losses, if any, on the investments *bonâ fide* made.

THIS was a bill in equity, brought by the trustees under the will of Ephraim Foster, late of Boxford, for the purpose of settling the rights of the *cestuis que trust.* The whole case is exhibited in the opinion of the court.

HUBBARD, J. This case comes before the court on the bill and answer ; and the question presented for the consideration of the court arises upon certain clauses in the will of Ephraim Foster, of whom the plaintiffs were executors and trustees. The clauses are as follows : " 1st. I give and bequeath unto my mother, the widow of Simeon Foster deceased, the income of eight thousand dollars ; the said eight thousand dollars to be

placed in the hands of trustees, who shall invest it in bank stock in the county of Essex, or may loan it to individuals, taking real estate for security ; and the said trustees shall pay to the said Mary Foster the income or interest they may receive, half yearly.    And further, I give the said Mary Foster the right to dispose of the said eight thousand dollars by will, at her decease ; and if the said Mary Foster dies intestate, then the above eight thousand dollars shall be divided among her heirs, the same as her other property."

The testator, after giving five pecuniary legacies, and ordering a mortgage, which he held upon the estate of Phinehas Foster, to be cancelled, made the following bequests :  " 8th.  I give and bequeath unto my wife, Orissa B. Foster, all my real estate in Boxford, for her sole use forever.   I also give my said wife, Orissa, all my furniture in the house I live in, of every description.   9th.  I further give and bequeath unto my said wife, Orissa, the income, during her natural life, of all the residue of my estate, real, personal and mixed ;  the said amount or residue to be placed in the hands of trustees, who may invest the same in bank stock in the county of Essex, or may loan it to individuals, having real estate pledged as security, and the said trustees paying to my said wife, Orissa, the income or interest they may receive, half yearly.   And further, if the said trustees and my said wife shall think it for her interest to sell any part of the real estate left in trust for her benefit, then they, with her consent, may sell the same ; and a deed given by the said trustees and the said Orissa shall be a good and valid deed. But the amount so sold shall be invested, and remain the same as the personal estate left in trust for her benefit.   And further, at the decease of my said wife, Orissa, all the above property, left in trust for her benefit, shall be disposed of as follows , that is, fifteen hundred dollars of the same shall be given to the west parish in Boxford, to build and support a public school for the education of children, as the law now directs ; said school house to be located as near the meeting-house where the Rev. Dr. Eaton now preaches, as a piece of land for that purpose can be purchased at a reasonable price.   The residue or remair

48 *

der of said property, after the decease of my wife, shall go to my mother, and, in case of her death, to her heirs. And *lastly,* I appoint William Johnson, jr. and Hobart Clark, both of Andover, in the county of Essex aforesaid, trustees to the property left in this will for the benefit of my mother and my wife, Orissa ; and if the said William Johnson, jr. and Hobart Clark, or either of them, should decline serving as trustees, or in the case of the death of either or both of them, then the judge of probate for the county of Essex shall appoint a trustee or trus tees to take the place of one or both, so declining or deceased. And I hereby appoint the said Johnson and Clark executors of this my last will and testament."

The trustees under the will have, in the execution of their trust, proceeded to pay said Mary Foster the sum of two hundred and forty dollars semi-annually, without any deduction. But doubts having arisen in regard to the course pursued by them, and the two *cestuis que trust,* the mother and the widow, disagreeing as to the construction of the respective clauses of the will in which they are interested, this bill has been filed to ascertain their respective rights, and to guide the trustees in the discharge of their several duties.

The said Mary claims the payment of two hundred and forty dollars semi-annually, without deducting any costs of the trust ; and that said income is to be paid from the estate of the deceased, and is not to be reduced, although losses may occur after investing moneys to provide a fund for the payment of the same ; and that, so long as there is any estate of the testator remaining, and sufficient to pay the annuity, she is entitled to receive it.

The said Orissa B. Foster, the widow, alleges, on the other hand, that said Mary is not so entitled ; but that the trustees are bound to set apart eight thousand dollars, and invest it in the manner directed by the will, and to pay to her the net income or interest, after deducting the costs and charges incurred in managing the trust, and the taxes on the fund ; and that any losses of the principal sum, by reason of unfortunate investment, is not to be made good out of any other part of the estate of the testator.

The question submitted upon these respective claims is, whether the trustees are bound to set apart, from the general funds of the estate, a sum of eight thousand dollars, and appropriate the same for the benefit of said Mary, and to pay to her the net income or interest thereof, after deducting the costs and charges of the trust, and taxes on the same, and subjecting her to losses in case the fund should be diminished; or whether the said trustees are bound to pay said Mary the sum of two hundred and forty dollars semi-annually, irrespective of costs, charges, taxes and losses of income.

The argument on the part of Mary Foster, the mother, is, that it was the intention of the testator to make an ample and permanent provision for her, in the first place; and that, to effectuate this, she is to receive six per cent. on eight thousand dollars, payable semi-annually; that the terms used, "income or interest," are exegetical the one of the other, and mean to specify the legal interest; and that this sum is to be paid during life, without any diminution, as otherwise her provision will not be permanent.

The object of the testator was, to provide a comfortable and secure support for his mother; and the true construction of the bequest to her, we think, is this: It is a bequest of eight thousand dollars to her, subject to her disposition by will, or, in case of her intestacy, to be divided among her heirs, the same as her other property. But, for her protection, he appoints trustees, whom he also makes his executors, who are to receive the eight thousand dollars and invest it in bank stock in the county of Essex; or they may lend it upon mortgage of real estate; and such income or interest as they receive, they are bound to pay to her half yearly, subject, however, to the reasonable charges on the same. This is not the bequest of an annuity, nor the securing to her of the regular payment of a sum certain; but it is the gift of eight thousand dollars, the income or interest of which, be it more or less, she is to receive. And we think the words "income or interest" are distributive; that the income relates to the bank stock, and the interest to the mortgages.

It is very obvious that the testator intended to *settle* his estate by the distribution of his property among various objects of his bounty ; and, after the death of his widow, giving a legacy for the support of a school, and making his mother, or her heirs in case of her death, his residuary legatee. But this could not be effected, if the executors were bound, at all events, to provide a certain annuity for the mother, and at the same time to secure a fund out of which it should be made in a particular manner. Because, to enable them to do this with certainty, they must retain a much larger sum in their own hands, or under their control, during the whole period of her life ; and, in effecting this, the payment of the pecuniary legacies, of which there are five, must be postponed, or the residue, the income and interest of which is given to the widow for her support, must be subjected to the charge; neither of which, we think, was intended by the testator.

There are no clauses in the will, nor any provisions at the close, which lead to the construction suggested in behalf of the mother. On the other hand, if the legacy to the mother is construed as a simple bequest of eight thousand dollars, but of which the investment is confided to trustees for her benefit, the intentions of the testator can be fulfilled ; the estate can be settled by the executors ; and no duties remain, but what are definitely prescribed to the trustees.

In regard to the charges on the fund, as the gift is not a specific annuity to the mother without charge, but a bequest of a given sum, the income must be charged with the reasonable expenses of the trustees and the taxes on the principal sum ; and if any losses arise upon the investments *bonâ fide* made by the trustees, within the authority vested in them, they must be borne by the *cestui que trust.*

The order of court will therefore be, that the plaintiffs, crediting themselves, in their account as executors, with eight thousand dollars paid to themselves as trustees, invest or make loan of the same on behalf of the mother, as directed by the will ; and that they invest the residue of the estate which remains in their possession, after satisfying the other legacies,

for the benefit of the widow of the testator, i ι the manner directed by the will.

*N. J. Lord,* for the plaintiffs.

*J. Pickering,* for Mary Foster.

*O. P. Lord,* for Orissa B. Foster.